IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 15, 2022

**ASHLEY J. LOVEDAY v. AARON K. H. COLEHAMER**

**Appeal from the Circuit Court for Knox County**
**No. 153495   Gregory S. McMillan, Judge**

_____

**No. E2022-00361-COA-R3-CV**

_____

Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Frank Clinton Little, Knoxville, Tennessee, for the appellant, Aaron K. H. Colehamer.

Susan Hail Harmon, Sevierville, Tennessee, for the appellee, Ashley J. Loveday.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, by Order entered May 6, 2022, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). The order appealed from does not appear to be a final appealable judgment as Aaron K.H. Colehamer filed a motion to alter or amend judgment and/or motion for additional findings on March 21, 2022, and the record is devoid of an order addressing this motion.

Appellant responded to the show cause order, and this Court entered an Order on May 12, 2022 granting appellant an extension up to and including June 13, 2022 within which to obtain a final judgment. On June 13, 2022, appellant filed in this Court a motion seeking a second extension of time within which to obtain a final judgment. By Order entered June 24, 2022, this Court granted appellant up to and including July 13, 2022 within which to obtain a final judgment. Appellant failed to comply with our June 24, 2022 Order. On August 30, 2022, this Court entered an Order ordering appellant to show cause on or before September 5, 2022 why this appeal should not be dismissed for lack of a final judgment. Appellant failed to respond to our August 30, 2022 show cause Order.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Aaron K.H. Colehamer, for which execution may issue.

**PER CURIAM**